UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| The Prudential Insurance Company of America, | ) ) ) | C/A No. 4: 19-cv-03228-SAL-KDW |
| Plaintiff, | ) ) | |
| v. | ) ) | Order and Opinion |
| Clorinda Mason; Robert C. Jacobsen; and Christopher Jacobsen, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This interpleader matter is before the court for consideration of pro se Defendant Robert C. Jacobsen ("R. Jacobsen")'s Motion to Transfer Venue to the United States District Court for the District of New Jersey. ECF No. 22. Defendant Clorinda Mason ("Mason") opposes the Motion to Transfer Venue. ECF No. 30. Plaintiff did not respond to the request for a venue change. Defendant Christopher Jacobsen ("C. Jacobsen") has not yet been served with the Complaint, although a motion for alternative method of service as to C. Jacobsen is now pending. ECF No. 39 (filed Jan. 24, 2020). Having considered the filings of the parties and applicable law, for the following reasons, the court DENIES R. Jacobsen's Motion to Transfer Venue. ECF No. 22.

I. Background

The Prudential Insurance Company ("Prudential" or "Plaintiff"), an insurance company organized and existing in New Jersey with its principal place of business in Newark, New Jersey, filed an interpleader action in this court pursuant to 28 U.S.C. § 1335 regarding a policy of life insurance that was issued to insured Carol S. Jacobsen (the "Insured") on July 1, 2001

(the "Policy"). The face amount of the Policy was $150,000. Compl. ¶¶ 1, 2, 7. The Insured died in Horry County, South Carolina on May 3, 2019. Death Certification, ECF No. 1-7. At that time, a death benefit in the amount of $108,814.68 ("Death Benefit") became due under the Policy. Compl. ¶¶ 16, 17. Because of allegations of fraud and numerous beneficiary changes to the Policy Prudential was unable to determine the proper beneficiary of the Death Benefit. *Id.* ¶ 26. Prudential has named the following putative beneficiaries as Defendants in this action:

- Clorinda Mason, formerly Clorinda Jacobsen, adult daughter of the Insured, who resides in Myrtle Beach, South Carolina, Compl. ¶ 2;

- Robert C. Jacobsen, husband of the Insured, who resides in Carefree, Arizona, *id.* ¶ 3;

- Christopher Jacobsen, adult son of the Insured, who is homeless, presumably in the San Diego, California area, *id.* ¶ 4.

Prudential brought this action in the District of South Carolina, alleging venue is proper based on 28 U.S.C. § 1397, which is a district in which at least one of the claimants (putative beneficiaries) resides. Compl. ¶ 6.

II. Analysis

Defendant R. Jacobsen's Motion to Transfer Venue is brief. R. Jacobsen states that he is the "co-owner of the two[1] life policies with Prudential Life Ins. who[] still lives in Arizona, a Community State." ECF No. 22 at 1. R. Jacobsen moves to change venue to "Mercer District Court(s) Trenton NJ," alleging the following: "It is a hardship to commute to South Carolina from Arizona, there are no, nor plenty direct flights and the Prudential Insurance Company is

---

[1] The interpleader action before the court references only one insurance policy.

located here in NJ another possible commuting dilemma eased." ECF No. 22 at 1. R. Jacobsen offers no legal authority or analysis regarding his request for changed venue.

Opposing the request to change venue, Defendant Mason argues that venue is proper in this District as it is a "judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397 ("Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."). Based on Section 1397's venue provision, Mason notes venue would be proper in the District of South Carolina, in the Phoenix Division of the District of Arizona (where R. Jacobsen resides), or in the Southern District of California (where C. Jacobsen presumably resides). Mason's Mem. 4-5, ECF No. 30. Mason further notes that Prudential opted to file the action in this District, where Mason resides and where the Insured lived since 2014.

Mason also argues that R. Jacobsen's Motion to Transfer Venue should be denied because it reads like a request made pursuant to 28 U.S.C. § 1404(a), a provision under which transfer of venue may be sought for "the convenience of parties and witnesses [and] in the interest of justice[.]" The only reason provided by R. Jacobsen for a transfer is to make matters more convenient given the "hardship to commute to South Carolina from Arizona[.]" ECF No. 22 at 1. Further, Section 1404(a) only contemplates transfer for "convenience" or in the "interest of justice" to another "district or division where [the matter] might have been brought" or where all parties have consented. As noted by Mason, transfer under Section 1404(a) would be inappropriate because this matter could not have been brought in the District of New Jersey, nor have the parties consented that it be brought there.

The court agrees with Defendant Mason. Simply stated, venue is proper in this District because one of the purported beneficiaries, Defendant Mason, resides here. 28 U.S.C. § 1397.

R. Jacobsen's argument that the matter should be transferred to the District of New Jersey for the sake of convenience is unavailing because the matter could not have been brought there, nor have all parties consented to transfer to the District of New Jersey.

Defendant R. Jacobsen's Motion to Transfer Venue to the District of New Jersey, ECF No. 22, is without merit.

III. Conclusion

Defendant's Motion to Transfer Venue, ECF No. 22, is DENIED. This interpleader action will proceed in the District of South Carolina. R. Jacobsen is reminded that his extended deadline for responding to Plaintiff's Complaint and advising the court whether he has retained counsel is February 10, 2020. Further, Defendant Mason has filed a crossclaim against R. Jacobsen and C. Jacobsen that requires a response. *See* Clorinda Mason's Answer and Cross-Claim, ECF No. 28. Further pretrial management of this matter remains with the assigned United States Magistrate Judge.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

February 4, 2020

Florence, South Carolina